UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:24-cv-20003-WILLIAMS/GOODMAN

LAURI SCHAFF,

        Plaintiff,

v.

CARNIVAL CORPORATION d/b/a/
CARNIVAL CRUISE LINE,

        Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS

This ruling requires the Undersigned to wrestle with two competing views about how many facts (and what type of facts) a plaintiff must allege to state a negligent training claim. That evaluation necessarily involves the issue of whether the Court should permit a plaintiff to fill in some facts later (after discovery provides information to use as merits meat placed onto the litigation bone) or if a plaintiff is *obligated* to allege in the Complaint facts for each and every element of the claim, before receiving discovery). Not surprisingly, Defendant rejects that approach and insists that the Complaint's sufficiency

must be determined now, while Plaintiff contends that she has alleged enough facts to state a plausible claim (which then permits her to at least engage in discovery).

The need for this ruling arose when Defendant Carnival Corporation ("Defendant" or "Carnival") filed a motion to dismiss [ECF No. 13] the negligent training claim asserted by Plaintiff Lauri Schaff ("Plaintiff" or "Schaff") in Count III of her personal injury lawsuit.[1] Her claim arises from injuries she allegedly sustained while stepping onto the floor of the cruise ship *Valor* from the gangway in Costa Maya, Mexico. According to her Complaint [ECF No. 1], she slipped on condensation which had accumulated at that spot. Count III alleges that Carnival negligently failed to reasonably train its crewmembers to inspect, clean, dry, and warn passengers of so-called dangerous conditions on board the ship, including the area where she slipped and fell on March 13, 2023.

At bottom, Carnival argues that Schaff did not plausibly allege ultimate *facts* to support the essential elements of a negligent training claim. According to Carnival, Plaintiff's negligent training theory is a fact-free submission which merely parrots conclusory allegations and is also "really a thinly disguised claim for negligent maintenance." [ECF No. 13, p. 5]. Schaff, on the other hand, argues that our courts require only so much at the pleading stage and that she is "not obligated to plead in exhaustive detail facts that are obviously beyond any injured plaintiff's ability to uncover at this

---

[1] Carnival initially moved to also dismiss Count IV for negligent supervision, but Plaintiff voluntarily withdrew that claim after Carnival filed its motion to dismiss.

2

infant state of litigation." [ECF No. 15, pp. 1–2].

United States District Judge Kathleen M. Williams referred this dismissal motion to the Undersigned for a Report and Recommendations. [ECF No. 14]. Schaff filed a response and Carnival filed a reply. [ECF Nos. 15; 16].

The Undersigned **respectfully recommends** that the Court **deny** the motion. Carnival is free to pursue its challenge again at the summary judgment stage, when Schaff's allegations will be put to the test and she will be required to present substantive, competent evidence to establish her negligent training allegations in Count III.

**Factual Background (*i.e.*, Plaintiff's Allegations)**

The following allegations concern Plaintiff's negligent training claim:

> 19.     **NOTICE: POLICY AND PROCEDURES AND TRAININGS.** Additional evidence that CARNIVAL had notice of the dangerous condition here is shown by the fact that the cruise line has policies and procedures applicable to the subject area. CARNIVAL has its "own the spill" policy as well as its "two-minute trainers". CARNIVAL's policies and procedures require crew members to inspect and maintain the floors in a clean and dry condition. CARNIVAL specifically **trains** its crew members to inspect and maintain the deck areas in a clean and dry condition. CARNIVAL's trainings and procedures instruct crew members that its floors are slippery when wet which can cause passengers to slip and fall and get injured. CARNIVAL also **trains** and created procedures which require crew members to place wet floor signs on walkways that become repetitively wet and/or are known to be wet. CARNIVAL created this procedure for its crew because CARNIVAL knows that without warnings, passengers may not know or be able to perceive that its floors are wet. CARNIVAL also knows that without warnings passengers may not know how slippery its floors are when wet. This shows that CARNIVAL knew or should have known that its slippery wet deck floor walkways are not an open and obvious condition.

***

37.     **DUTIES OWED BY CARNIVAL.** CARNIVAL owes a duty to exercise reasonable care for the safety of its passengers. CARNIVAL owes a duty of reasonable care under the circumstances. **CARNIVAL owes a duty** as a common carrier to its passengers to **train** its crew members to properly inspect, clean, dry and warn of dangers known to CARNIVAL where CARNIVAL invites or reasonably expects passengers to go. CARNIVAL's duty of care includes **training its crew members to inspect, clean, dry and warn passengers about dangerous conditions** on board the Carnival Valor including where SCHAFF slipped and fell on March 13, 2023.

***

41.     **CARNIVAL BREACHED ITS DUTIES.** CARNIVAL breached its duty of care owed to SCHAFF and was negligent by **failing to reasonably train its crewmembers to inspect, clean, dry and warn passengers of the dangerous conditions on board** the Carnival Valor including the subject area where SCHAFF slipped and fell on March 13, 2023. **CARNIVAL failed to comply with industry standards regarding how to train its crew members to inspect and maintain the flooring and warn passengers of wet floors and the dangerousness of wet floors**. CARNIVAL failed to ensure the implementation or operation of its training programs described in paragraph 19 and incorporated herein.

42.     At the time SCHAFF fell on the interior of the ship at and near the gangway, the crew member that was responsible for warning, cleaning, drying and inspecting that area failed to do so. Because that **crew member was not properly trained,** that crew member failed to properly and adequately warn passengers, like SCHAFF, of the dangerous conditions on board the Carnival Valor including the subject area where SCHAFF slipped and fell on March 13, 2023. Because that crew member was **not properly trained**, that crew member also failed to properly inspect, clean, and dry the area.

[ECF No. 1, ¶¶ 19; 37; 41; 42 (emphasis in original and emphasis supplied)].

**Applicable Legal Standards and Analysis**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

"[T]he standard 'simply calls for enough fact to raise a reasonable *expectation* that *discovery* will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545) (emphasis supplied). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

On a motion to dismiss, "the court must accept all factual allegations in a complaint **as true** and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (emphasis added).

5

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not "require that a plaintiff specifically plead every element of a cause of action." *Balaschak v. Royal Caribbean Cruises, Ltd.*, No. 09-21196, 2009 WL 8659594, at *6 (S.D. Fla. Sept. 14, 2009) (citing *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), which, in turn, cited Jack H. Friedenthal, et al., Civil Procedure, § 5.7 (2d ed. 1993) for the view that "[w]hat the pleader need not do is worry about the particular form of the statement or that it fails to allege a specific fact to cover every element of the substantive law involved.").

Therefore, as noted above, the plausibility standard "calls for enough fact to raise a reasonable expectation that **discovery will reveal evidence**" of the defendant's liability. *Chaparro v. Carnival Corp.*, 693 F.3d 11th Cir. 2012) (emphasis added) (reversing order dismissing claim against cruise ship operator and citing *Twombly*, 550 U.S. at 556). But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth. *See Mamani v. Berzain*, 654 F.3d 1148, 1153–54 (11th Cir. 2011) (emphasis supplied).

*Chaparro's* holding about the link between discovery and the pleadings standard is arguably inconsistent with Carnival's argument here, as it contends that the Court should reject Plaintiff's theme that the "allegations are detailed enough and discovery will elicit further support for her claims." [ECF No. 16, pp. 1–2]. *See generally Spotts v. Carnival Corporation*, No. 23-cv-22906, 2024 WL 111921, at *5 (S.D. Fla. Jan. 10, 2024)

6

(denying Carnival's motion to dismiss negligent training claim and noting that "[s]ince the [p]laintiff **hasn't had the chance to take any discovery**, we can't imagine asking a plaintiff to provide more detail than that [i.e., allegations about failing to properly train crew members to inspect, clean, dry and warn passengers about the dangerous conditions aboard the vessel] (emphasis added));[2] *see also Harper v. Vilsack*, No. 23-22590, 2024 WL 776022, at *7 (S.D. Fla. Feb. 26, 2024) (denying motion to dismiss disability discrimination count, explaining that "the fact that **discovery may be needed** by [the] [p]laintiff to demonstrate the truth of her specific, plausible factual allegations does not make the allegations **conclusory**" and noting that the need for discovery "make[s] any factual disputes inappropriate for resolution on a motion to dismiss" (emphasis supplied)).[3]

The *Spotts* Court summarized the law of negligent training, 2024 WL 111921, at *5, and the Undersigned sees no need to reinvent the wheel, so I will provide the outline from *Spotts*:

Negligent training and negligent supervision "are both recognized duties under federal maritime law." *Diaz v. Carnival Corp.*, 555 F. Supp. 3d 1302, 1310 (S.D. Fla. 2021)

---

[2]  The law firm representing Schaff here is the same firm representing the plaintiff in *Spotts* (which is still pending). The allegations about negligent training in both complaints are strikingly similar. In fact, Carnival's reply [ECF No. 16, p. 3] points out that "Plaintiff apparently **copied** those [negligent training] allegations [from *Spotts*] into the instant Complaint." (emphasis supplied).

[3]  Carnival argues that "Plaintiff's negligent training claim should be dismissed for resting solely upon conclusory facts." [ECF No. 13, p. 6].

7

(Torres, Mag. J.). "Negligent training occurs when an employer was negligent in the implementation or operation of [a] training program and this negligence caused a plaintiff's injury." *Quashen v. Carnival Corp.*, 576 F. Supp. 3d 1275, 1304 (S.D. Fla. 2021) (Moore, J.) (cleaned up). Negligent supervision, on the other hand, "occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigating, discharge, or reassignment." *Id*. (cleaned up).

For a plaintiff "to state a claim for negligent training, he must show that [the defendant] was negligent in the implementation or operation of [a] training program." *Mercado v. City of Orlando,* 407 F.3d 1152, 1162 (11th Cir. 2005). To state a claim under a theory of negligent supervision, by contrast, a plaintiff "must allege that (1) the employer received actual or constructive notice of an employee's unfitness, and (2) the employer did not investigate or take corrective action such as discharge or reassignment." *Quashen*, 576 F. Supp. 3d at 1304. As to both claims, "it is well settled that general maritime law does not recognize a claim of negligence that is premised upon a company's general policies and operations." *Id*. at 1297.

As noted, the *Spotts* Court found the negligent training allegations -- which Carnival says were copied here -- to be sufficient to state a claim. Carnival tries to distinguish *Spotts* by arguing that the training program there "involved spilled beverages, not floor condensation." [ECF No. 16, p. 3]. That distinction is one without a

8

difference. Given that the allegations about negligent training are the same and are asserted in both factual contexts, there is a logical disconnect in concluding that *Spotts* is inapplicable merely because it involved wet *beverages* on the floor, as opposed to wet *condensation.*

The *Spotts* Court noted that some courts in our district granted motions to dismiss negligent training claims when they are "devoid of any facts" and provided "no details of . . . facts specific to the [ship], the [ship's] crew or even concerning Carnival as a company." 2024 WL 111921, at *5. But it then evaluated the allegations (the same ones which are present here) and concluded that the plaintiff there "*has* made specific factual allegations about Carnival's 'trainings and procedures.'" *Id.* (emphasis in original).

Other district courts in our Circuit have denied motions to dismiss negligent training claims after drawing all permissible inferences in Plaintiff's favor, a standard we must follow here. *Harrison v. Red Bull Distribution Co., Inc.*, No. 2:19-cv-17, 2019 WL 1117022, at *2-3 (M.D. Fla. Mar. 11, 2019) (convenience store customer struck by a product that fell from a handcart permitted to pursue negligent training claim against a distributor whose employee was using the handcart in the aisle or customer-accessed area); *see also Baker v. NCL America, LLC*, No. 1:19-cv-24442-JLK, ECF No. 33 (S.D. Fla. May 6, 2020) (denying negligent training claim in lawsuit brought by passenger who slipped and fell on a large puddle of water while walking on a deck of the ship); *Casey v. Carnival Corp.*, No. 23-20027, 2023 U.S. Dist. LEXIS 99969 (S.D. Fla. June 8, 2023) (denying motion

to dismiss negligent training claim against the same cruise ship operator who is named as a defendant here and noting that it declines to decide at the pleadings stage whether Carnival's training programs are adequate).[4]

At bottom, Carnival's motion challenges the factual sufficiency of the negligent training claim, but a plaintiff like Schaff is "not required to demonstrate that they can prove their allegations at the pleading stage." *Perricone v. Carnival Corp.*, No. 15-20309, 2016 WL 1161214 (S.D. Fla. Mar. 24, 2016) (denying cruise ship operator's motion to dismiss passenger's negligence claims and citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).

Thus, the Undersigned **respectfully recommends** that Judge Williams **deny** Carnival's motion to dismiss but also rule that Carnival will have ample opportunity to comprehensively probe the factual sufficiency of Schaff's allegations about negligent training at the summary judgment phase (should Carnival decide to file such a motion). *Cf. Hunt v. Amico Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) for the principle that ("[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case"). *See Balaschak,* 2009 WL 8659594, at *6 ("the merits" of a challenged count "are best tested with a motion for

---

[4] The same law firm representing Plaintiff here is also the firm representing the plaintiff in *Casey.*

summary judgment").

**Conclusion**

The Undersigned **respectfully recommends** that Judge Williams **deny** Carnival's dismissal motion. *See generally Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (noting that a motion to dismiss is "viewed with **disfavor** and **rarely granted**" and quoting case for perspective that "dismissal of a claim on the basis of barebone pleadings is a precarious disposition with a **high mortality rate**") (citation omitted) (emphasis added); *Torres v. Miami-Dade Cnty., Fla.*, 734 F. App'x 688 (11th Cir. 2018) (noting that "all pleadings 'must be construed so as to do justice'" and vacating and remanding order granting motion to dismiss). *Cf. Balaschak*, 2009 WL 8659594, at *6 ("pleadings must be construed so as to do justice").

**Objections**

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See*

28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, April 1, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record